## NEW YORK COMMON PLEAS.

### ASAHEL R. HERRICK agt. ALFRED CATLEY.

An *attorney at law* cannot act on both sides professionally. If he has been employed by the wife to procure a separation from her husband, he cannot engage to act for the husband as his attorney in preventing it.

*General Term, December,* 1865.
*Before* DALY, *F. J.*, BRADY *and* CARDOZO, *Judges.*
APPEAL from judgment for plaintiff at special term.

By the court, DALY, F. J. The plaintiff testified that he was employed by the defendant's wife to procure a divorce for her from the defendant, and that he called upon the defendant, and had a long interview with him. · The plaintiff did not state for what purpose he called upon the defendant, or what the interview between them had reference to. He testified that he called upon the defendant again, and that the defendant requested him to call upon Mrs. Catley and see if he could not effect an adjustment of the difficulties between them; to try and settle, and report the result to him; that he accordingly called upon her and reported to the defendant what he had done, who requested him to see her again; that he did so; that the defendant then asked him to procure an interview for him with her, and that he succeeded in bringing one about; that they met, and that the matters in difference were settled, and an agreement made that they should be reconciled; that he told the defendant that his services were of a professional nature, and he testified that they were worth $100.

The defendant testified that the plaintiff called upon him, and said that he had come at the instance of his wife, to see if a reconciliation could not be effected between them; that at the plaintiff's request he consented to see

his wife; that an interview took place, and that instead of a reconciliation being effected, the gap between them was widened; that they continued to and still live apart, and that he furnishes his wife with a separate maintenance, suitable to her condition. He further testified, that when applied to by the plaintiff, he told him that it was no use for him to see his wife, as it was impossible that any reconciliation could be had between them; that he never employed the plaintiff, or requested him to render any service; that he did not seek, nor give his consent to any services rendered by the plaintiff. The justice gave judgment for the plaintiff for $100.

Assuming that it was for the justice to determine upon this contradictory evidence which of the two, plaintiff or defendant, he would believe, and that in support of his judgment we must assume that he believed the facts to be as stated by the plaintiff, the question is thus presented, whether upon such a state of facts the plaintiff had a cause of action. While the relation of attorney and client continued between the plaintiff and the defendant's wife, he could not enter into an engagement to act also as the attorney of the husband, in a matter so directly connected with the subject of his employment as that of effecting a reconciliation, and settling the matter in difficulty between them. He had been employed by the wife to procure a separation, and could not, therefore, engage to act for the husband as his attorney in preventing it. In other words, he could not act upon both sides. An attorney, said Chief Justice HOBART, oweth to his client fidelity, secrecy, diligence and skill, and cannot take a reward on the other side. In *Yardly* agt. *Ellill, Hobart's Rep.* 8; *in Tomlins' Dictionary, Attorney, and in Shire* agt. *King, Yelv.* 32, *Cis. Eliz.* 914, 5, 6, it was held that he cannot deal upon both sides except as an arbitrator. The defendant did not say that he would pay him anything for bringing about a meeting between himself and his wife, and his obligation to do

so is implied from the fact that he requested the plaintiff to call upon Mrs. Catley and see if he could not effect an adjustment of the difficulties between them, and that the plaintiff told him that his services were of a professional nature. They could not be in the nature of professional services for the defendant, while the relation of attorney and client subsisted between the plaintiff and Mrs. Catley, and he could not be entitled to recover for services rendered as arbitrator, for nothing was submitted to his decision or arbitrament.

The judgment should be reversed.