## R. S. MacDonald, Respondent, *v.* Charles Wagner, Appellant.

### January 2, 1878.

A wife instituted suit for divorce, and her attorney, acting as peace-maker, at the request of the husband, effected a reconciliation between the parties, and persuaded the wife to dismiss the suit; the husband then executed to the attorney his note, part of the consideration therefor being for services rendered to the wife in the divorce suit, and part for services rendered to the husband in compromising the same. *Held*, in an action on the note by the payee against the maker, that no recovery could be had on the note, the consideration therefor being void in so far as it was for services rendered to the husband.

Appeal from St. Louis Circuit Court.
*Reversed and remanded*.

J. D. Johnson, for appellant, cited: *Sherwood* v. *Railroad Co.*, 15 Barb. 652; *Herrick* v. *Catley*, 1 Daly, 512;

*Id.*, 30 How. Pr. 208 ; 1 Pars. on Con. 457 ; *Peltz* v. *Long*, 40 Mo. 539.

C. C. Simmons, for respondent, cited : 2 Bishop's Mar. & Div., secs. 387–393 ; *Waters* v. *Waters*, 49 Mo. 385 ; *Coats* v. *Robinson*, 10 Mo. 757 ; 23 Mo. 457 ; 8 Johns. 29 ; 1 Chitty on Con. 28, 35, 46, 62, 70 ; 34 Mo. 513.

Bakewell, J., delivered the opinion of the court.

This was an action on a promissory note for $125, made by defendant to the order of plaintiff. Plaintiff testified, on his own behalf, that he was an attorney-at-law, and was employed by defendant's wife to commence an action of divorce against her husband ; that the parties to that suit became reconciled during its progress, in a measure through his offices as peace-maker ; that, at the instance of the husband, he persuaded the wife to dismiss the suit, and that it was dismissed by her ; and that after the suit was dismissed, the note was executed by defendant, " for services rendered to Mrs. Wagner in the divorce case, and for services rendered to Mr. Wagner, defendant in that case, and for services rendered in his behalf in settling the case between himself and his wife." The plaintiff further testified, that in bringing about a reconciliation he was acting for both ; that he considered it the duty of the attorney in a divorce suit to effect a reconciliation if he can ; and that he could not say how much of the consideration of the note was for services to the husband, and how much for services to the wife. After the execution of the note, defendant promised to pay it before maturity. The original charge was $200, and after some talk, plaintiff agreed to take $125, and the note was executed.

At the close of plaintiff's case, defendant asked an instruction that on the evidence plaintiff was not entitled to recover ; which the court refused. Defendant then testified on his own behalf. No other witnesses were examined. The cause was tried by the court without a jury, and there was judgment for plaintiff.

Though the wife can make no binding contract, and those who trust her on her husband's credit do it at their peril, yet, pending a suit between husband and wife, the husband is bound to furnish the wife out of his estate, in which she has an interest, not only food and clothing, but the means to protect her rights and prosecute or defend the suit, as the case may be. Independently of any statute on the subject, such an allowance might properly be made to the wife in her own name by the court, and its payment enforced by attachment. *Waters* v. *Waters*, 49 Mo. 388. We are not, therefore, prepared to say that where, after the dismissal of the suit, the husband executes to the attorney of the wife a note for a reasonable attorney's fee for services rendered to the wife, such a note would be without consideration. Although a mere moral consideration is nothing, and a subsequent express promise will not convert into a debt that which is not in itself a legal debt, yet a moral obligation to pay money is a good consideration for a promise to do so where there was originally an obligation to pay the money, which was enforceable at law. On this point, however, it is not necessary for us to pass. Part of the consideration of this note was plainly illegal, on the testimony of plaintiff, and the note is, therefore, void. An attorney cannot recover for legal services rendered by him both to plaintiff and defendant in the same suit. The plaintiff here discloses a case founded upon a cause of action which the law, from wise motives of public policy, forbids. The intentions of plaintiff were doubtless good; but a lawyer can under no conceivable circumstances recover for services rendered in the same suit to parties having opposing interests. The consideration of this note being, therefore, founded partly upon an illegal contract, the court erred in giving judgment for plaintiff. *Herrick* v. *Catley*, 30 How. Pr. 208; *Peltz* v. *Long*, 40 Mo. 539.

The judgment of the Circuit Court is reversed and the cause remanded. All the judges concur.