LEVI S. CHATFIELD, Appellant, *against* ALFRED L. SIMONSON *et al.*, Executors of the last Will and Testament of SAMUEL WOOD, Deceased, Respondents.

(Decided January 3d, 1882.)

An attorney for one party to a litigation, in consideration of a sum of money to be paid him, a portion of which he received, without the knowledge or consent of his client, released part of the subject-matter of the litigation to his client's adversary. *Held,* that he thereby forfeited all claim to compensation for his services in that particular litigation, even though it did not appear that the client had suffered actual damage from the breach of duty of the attorney.

The liability of an attorney to indictment and to a civil action for treble damages, for misconduct, is additional to his liability to the loss of his stipulated reward thereby.

EXCEPTIONS taken at a trial term of this court, ordered to be heard, in the first instance, at the general term.

The action was brought for the recovery of $7,500 for services rendered by the plaintiff as attorney and counsel, under an agreement with Samuel Wood, deceased, in an action pending in the Supreme Court, wherein Abraham Hewlett was plaintiff and Samuel Wood, Samuel A. Wood, and others were defendants. On January 7th, 1878, Mr. Chatfield was substituted as attorney for Abraham Hewlett, the plaintiff in that action, at the request of Samuel Wood, for whose benefit the action was instituted, the latter being a nominal defendant only, and being opposed in interest to the other defendant, Samuel A. Wood. The case was then pending on appeal to the General Term of the Supreme Court, from a judgment rendered therein in favor of Samuel A. Wood, and against the plaintiff and Samuel Wood ; and Mr. Chatfield agreed with the latter to prosecute the appeal and the action for $7,500. The case was finally settled. The action involved the validity of the will of one Abraham Wood, and the title of Samuel A. Wood to one moiety of several parcels of real property, among which were Nos. 510 Broadway and 49 Warren street.

Chatfield *v.* Simonson.

The defense made to the present action by the executors of Samuel Wood, deceased, set up, among other things, that while the said appeal was pending and a stay of judgment in said action had been perfected, Mr. Chatfield, in violation of his duty and obligation as attorney aforesaid, and without the knowledge or consent of his clients, Hewlett or Samuel Wood, and in consideration of $1,500 agreed to be paid him by Samuel A. Wood, released from the operation of said appeal, two valuable pieces of property, to wit, 510 Broadway and 49 Warren street aforesaid ; and defendants say in their answer " that they will set off said $1,500 or whatever sum was received by plaintiff against any demand which he may establish, and claim judgment for the balance."

The facts alleged were substantially proven, and the judge at special term dismissed the complaint on the merits and ordered the exceptions to be heard in the first instance at the general term ; judgment meanwhile to be suspended.

*A. J. Vanderpoel,* for plaintiff.—I. If the execution of the stipulations releasing the property was misconduct, the defendants misconceived their remedy for such misconduct. An attorney is an officer of the court, whose tenure of office and the penalty for any misconduct in the discharge of his duties, is fixed by statute (*Richardson* v. *Brooklyn, &c. R. R. Co.,* 22 How. Pr. 368 ; *Waters* v. *Whittemore,* 22 Barb. 593 ; *Ray* v. *Birdseye,* 5 Den. 627 ; *Seymour* v. *Ellison,* 2 Cow. 28, 29 ; 1 R. S. 98, § 1, subd. 3 ; Id. 6th ed. 403, § 97 ; 3 R. S. 6th ed. 449, §§ 56–63). An examination of the statute will show that the punishment for misconduct may be either of the following, and no other : (1) Fine or imprisonment, or both ; (2) Removal or suspension from office ; (3) Forfeiture of treble damages to the party injured, to be recovered in a civil action ; (4) Forfeiture of a specific penalty for the particular act, which penalty is fixed at the sum of fifty dollars. If, therefore, an attorney is an officer whose liability for misconduct in office is limited by statute, it was error for the court to attempt to impose a penalty not authorized by law. A pen-

alty cannot be raised by implication, but must be expressly created and imposed (*Jones* v. *Estis*, 3 Johns. 379).

II. If the alleged misconduct is to be construed to be simply the receipt of money properly belonging to the plaintiff's client, which he has hitherto neglected to pay over, that fact is not sufficient to justify the action of the court in dismissing the complaint. An attorney is not liable to an action for money collected until after demand made or a direction to remit (*Beardsley* v. *Root*, 11 Johns. 464 ; *Rathbun* v. *Ingals*, 7 Wend. 320 ; *Stafford* v. *Richardson*, 15 Wend. 302 ; *People* v. *Brotherson*, 36 Barb. 662 ; *Ex parte Ferguson*, 6 Cow. 596).

III. If the alleged misconduct is to be construed to have been negligence in executing the stipulations of release, then it must appear affirmatively that the client was in some way injured by his attorney's negligence, or he cannot maintain an action, even for nominal damages (*Harter* v. *Morris*, 18 Ohio St. 492 ; *Suydam* v. *Vance*, 2 McLean, 99 ; *Grayson* v. *Wilkinson*, 13 Miss. 268 ; *Rhines* v. *Evans*, 66 Pa. St. 192 ; *Reece* v. *Rigley*, 4 Barn. & Ad. 202).

IV. The stipulations purporting to release the real estate were wholly ineffectual for that purpose ; the requirements of the Code as to the manner in which property may be relieved from the lien of a judgment, pending an appeal, not having been complied with in this case (Code of Civ. Pro. § 1256).

*E. Schenck*, for defendants.—The acts of the plaintiff were such a corrupt breach of professional duty and obligation to Samuel Wood and Hewlett as to constitute an utter violation of his alleged agreement with Wood, and forfeit any claim or right to recover compensation for services rendered by him in the conduct of that case under the contract or otherwise (*Hatch* v. *Fogarty*, 33 N. Y. Super Ct. 166 ; 40 How. Pr. 492 ; *Herrick* v. *Catley*, 1 Daly, 512 ; *Von Wellhoffen* v. *Newcombe*, 10 Hun, 236 ; *Pitt* v. *Yalden*, 4 Burr. 2061 ; *Wilcox* v. *Plummer*, 4 Pet. 172 ; 1 Wait's Actions and Defenses, 448, § 6, & pp. 245, 249 ; 2 Greenleaf's Evid. 10th Ed. 124, § 144, & p. 127, § 147; *Case* v. *Carroll*, 35 N. Y. 385 ; Willard's Eq. Juris. 170, 172; *Ford* v. *Harrington*, 16 N. Y. 285 ; *Dutton* v.

*Wilner*, 52 N. Y. 312; *Brotherson* v. *Consalus*, 26 How. Pr. 213; *Brock* v. *Barnes*, 40 Barb. 528; *Howell* v. *Ramsen*, 11 Paige, 538).

J. F. DALY, J.—[After stating the facts as above.]—The learned judge at special term disposed of this case properly. The plaintiff, while employed as attorney for one party to the litigation, in consideration of a sum of money to be paid himself, bargained with his client's adversary to release part of the subject matter of the claim in suit to the latter, and actually did so release it without the knowledge or consent of his client, and did receive a portion of the price of his act. He thereby forfeited all claim to compensation in that particular litigation (*Herrick* v. *Catley*, 1 Daly, 512; *Currie* v. *Cowles*, 6 Bosw. 452–460).

The principle on which this decision rests applies although there is no proof that the client has suffered actual damage from the breach of duty of the attorney; the law will not stop to inquire whether the benefit which the attorney reaped by accepting pay from the other side was accompanied by any material injury to the rights of his client. It will assume that the advantage which the adversary values so much as to be willing to pay for, is of equal importance to the client to retain.

If any other rule were adopted, an attorney might bargain at every stage of an action to allow privileges and advantages to the other side for pay, and, unless his client could show that he was ultimately injured by such acts, could yet recover as for a proper discharge of his duty. The obligation of an attorney to his client is not less than that of a broker to his employer, and as to the latter it has been long established that he cannot take pay from both sides, and that he forfeits all right to compensation from his employer if he accept compensation from the other party.

The attorney's right to compensation depends upon full performance of his duty, and such performance is conclusively disproved by showing that he corruptly bargained with his client's adversary to relinquish any right or grant any advantage.

Chatfield *v.* Simonson

The attorney is liable to indictment and to a civil action for treble damages for misconduct, but this is in addition to the loss of his stipulated reward. A surgeon or other professional man is liable for damages for malpractice, as well as to the loss of compensation for his services. Recovery for the services, and liability for unfaithful performance of such services, are wholly inconsistent.

The effort was made to show that Samuel Wood knew of this transaction. He was informed that Samuel A. Wood desired the release, but did not assent to it, or make any answer. He was not informed that his attorney was offered and was to receive $1,500 for giving the release. This was the important feature in the transaction.

It is said that the act in question is ratified by defendants setting it up as a counter-claim in their answer. The facts are set forth, and defendants are entitled to any relief which those facts warrant, irrespective of their demand. They ask to set off this money against any demand which plaintiff may establish, and for judgment in their favor for the balance, but this does not prevent their using the facts as a defense to the claim.

The exceptions should be overruled, and judgment entered for defendants, with costs.

BEACH, J., concurred.

Exceptions overruled, and judgment ordered for defendants, with costs.