IN RE ESTATE OF JAMES W. HANDFIELD; A. D. WILSON, EXECUTOR, Appellant.

### December 23, 1884.

1. ADMINISTRATION — ADMINISTATOR PENDENTE LITE — COMPENSATION. — An administrator *pendente lite*, is entitled to the same compensation as are other administrators for the performance of like duties.

2 EXTRA SERVICES — ATTORNEYS' FEES — EXPENSES. — Charges for extra services, attorney's fees, and necessary expenditures, are not included in the statutory commissions allowed administrators.

3. ATTORNEY AND CLIENT. — That an attorney of an administrator, was also the attorney of a person contesting the will, is no objection to an allowance for his fee, where the administrator and the contestant were not parties to the same proceeding.

APPEAL, from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

EDWARD C. ELIOT, for the appellant.

MILLS & FLITCRAFT, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

James W. Handfield died in November, 1881, leaving a will, under which the appellant, Alexander D. Wilson, was appointed, and became duly qualified as executor. A contest was begun against the will, whereupon the probate court appointed W. H. Stone, administrator *pendente lite*. Mr. Stone qualified with a bond of $10,000, and the court ordered the executor to turn over to him the assets of the estate. This order was never obeyed. The contest was determined in favor of the will, whereupon the letters *pendente lite* were revoked, and, upon the demand of the

executor, the administrator made his final settlement before the probate court. From this it appeared that he had received no assets, but had incurred necessary expenditures for counsel fees, advertising, and other matters, to the amount of $161.06. This amount was by the court allowed in his favor against the estate. The executor appealed to the circuit court where the claim was allowed for $165.62.

The appointment of the administrator *pendente lite* was expressly authorized by Revised Statutes (sect. 14), and he was thus placed for the time being, as to duties and responsibilities, substantially on the same footing with other administrators, and was entitled to the like compensation out of the estate for duties performed in good faith. Revised Statutes (sect. 229), declares : " In all settlements of executors or administrators, the court shall settle the same according to law, allow all disbursements and appropriations made by order of the court, and all reasonable charges for funeral expenses, leasing real estate, legal advice and service, and collecting and preserving the estate; and as full compensation for their services and trouble, a commission of five per cent on personal property, and on money arising from the sale of real estate. Executors and administrators whose letters are revoked, or who die, and administrators *pendente lite* shall receive such compensation, not greater than above allowed, as the probate court may deem just and proper." Jurisdiction is thus given the probate court to " settle " the administrator's account. It would be anything but a settlement if, as learned counsel contends, the court could look at nothing but the charges against the administrator, under section 49. That section has nothing to say about allowances in favor of the administrator, because these are sufficiently provided for elsewhere. It requires a retiring administrator to " make final settlement," and thus opens the way for the court's plenary jurisdiction given in section 229, to allow " all reasonable charges for * * * legal advice and service,

and collecting and preserving the estate,'' with a special provision for the case of an administrator, *pendente lite*. Charges for attorneys' fees, extra services and necessary expenditures have never been considered as covered by the percentage, commissions allowed to executors and administrators. *Hawkins* v. *Cunningham*, 67 Mo. 416.

We see nothing in the point made upon the fact, that the attorney of the administrator, was also attorney for the party contesting the will. It is only when an attorney acts for both parties in the same proceeding, that the law raises such objections as are found in *MacDonald* v. *Wagner* (5 Mo. App. 56), and other authorities referred to. A member of the bar in good standing is always presumed to be capable of guarding faithfully the interests of his client, even though his client's adversary may have given him profitable employment in another case.

The record contains nothing which indicates to us that allowance to the administrator *pendente lite* was in any way uneasonable or improper, or that the court exceeded its jurisdiction in making it. The judgment is affirmed, with the concurrence of all the judges.