WILLIAM J. STRONG

*v.*

INTERNATIONAL BUILDING LOAN & INVEST. UNION *et al.*

*Opinion filed December 18, 1899.*

1. ATTORNEYS AT LAW—*attorney cannot recover for services rendered to both parties to suit.* An attorney employed by an insolvent loan association to procure a discharge of its receivers, who afterward accepts employment and pay from the receivers, cannot recover from the association for his services though his acting for the receivers was ratified by the association, where the record of the case shows that the interests of the parties were adverse.

2. SAME—*purpose of rule as to attorney acting for both parties is not merely to prevent dishonest practice.* The rule prohibiting an attorney from acting for adverse litigants in the same suit is designed not only to prevent dishonest practice, but also to preclude an honest practitioner from putting himself in a position which requires him to choose between conflicting duties or to reconcile conflicting interests rather than to enforce them.

*Strong* v. *International B. L. & I. Union*, 82 Ill. App. 426, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

On November 23, 1897, a bill was filed by one Emrick alleging insolvency of the appellee building and loan association and seeking its dissolution. Thereunder a receiver was appointed, and subsequently, and on March 3, 1898, the People, upon the relation of the State Auditor, filed a similar bill. These cases were consolidated, the former receiver removed, and the present receivers were appointed and have since been liquidating the union. In this consolidated suit, appellant, on May 19, 1898, filed his intervening petition, averring that between January 1, 1897, and August 14, 1898, he had, under the employment of the union, rendered to it legal services, which were reasonably worth $5000, and of which he asked payment. This was resisted by these receivers, and after a

183—7

hearing the superior court dismissed appellant's petition for want of equity. Upon appeal to the Appellate Court the order of the superior court was affirmed, hence the present appeal.

The statement of facts accompanying the opinion of the Appellate Court is as follows:

"A bill was filed by one Emrick alleging insolvency of appellee, a building and loan association, and a receiver for it was appointed. In that suit appellant filed a petition, which alleged, in effect, that the appellee was indebted to him for professional services, and praying that his claim be allowed and that the receiver be ordered to pay the same. Appellee answered the petition, denying that appellant was entitled to any amount in that behalf. Upon hearing the petition was dismissed for want of equity.

"Appellant is a practicing attorney at law, and there is evidence to show that he rendered professional services to appellee as follows: In 1896 suits were begun both in the circuit and superior courts of Cook county for the appointment of receivers of appellee on the ground of its then insolvency. Receivers were appointed by each court, and a conflict ensued as to the priority of jurisdiction acquired. Upon January 1, 1897, the president of the association called a meeting of the directors, which was held upon that day in appellant's office. It was at this meeting that appellant was first employed by the directors of the association to take charge of its litigation then pending. Services were rendered by appellant in the various proceedings which followed, up to August 14, 1897, at which latter date his services ceased. At that time the association had been freed from the litigation, its various receivers had been discharged and it was again a going concern. Whether this result was accomplished through efforts of appellant is a controverted question.

"The amount claimed by appellant for services is $5000, and there is evidence tending to show that the

amount would be a proper compensation for the services claimed to have been rendered. The employment of appellant was for the purpose of accomplishing the discharge of all receivers and the restoration of the association to the management of its own officers. During the period of this employment,—the exact time is not shown by the abstract,—appellant accepted retainer and employment by one of the contesting sets of receivers, viz., the receivers appointed by the superior court, and thereafter, and during the period of his employment by the association, proceeded to render professional services as well to these receivers in the same litigation. For his services to the receivers he was paid $1295.

"After the association had been freed from the litigation and the receivers had been discharged and a new board of directors elected, the validity of whose election is not questioned, a resolution was adopted by the board of directors at a meeting held on August 7, 1897, by which it was resolved, 'That we do hereby approve of all that our attorney, William J. Strong, has done in behalf of the union in the litigation that has been pending in the circuit and superior courts in the case of McGonigle *et al.* against this union,' etc. On November 17, 1897, another resolution was presented at a meeting of this board of directors, to the effect that 'Strong had no authority to represent the union,' and 'that all previous resolutions of this board regarding Strong's claim be rescinded.' This resolution was defeated by a vote of seven to two. Again, on November 27, 1897, a resolution was adopted by this board of directors, which, in effect, recites that the sum of $1295 had been paid to appellant under a misapprehension, and instructing the attorney of the association to commence proceedings against appellant to recover the amount so paid.

"There was evidence tending to show that appellant agreed with the association that unless he should succeed in getting the assets of the association restored to it,—

*i. e.*, unless he procured the discharge of the receivers within sixty days from February 4, 1897,—he would charge nothing for his services to the association. This is denied by appellant, who testified that he had agreed only to charge nothing to the members of the board of directors individually in the contingency named. The receivers were not discharged, nor were the assets of the association returned to its management until after the expiration of the sixty days indicated."

HENRY S. ROBBINS, for appellant.

PAM, DONNELLY & GLENNON, for appellees.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"We do not deem it necessary to go into any discussion of the evidence, either as to the regularity of the election of the various boards of directors prior to the last, or as to the fact of the employment of appellant by the association. We regard the resolution of the board of directors of August 7, 1897, as disposing of all such questions. The then board of directors was legally elected, and while question may be made as to the legality of the other conflicting boards, and hence as to the authority of the one or the other to employ counsel for the association, yet this last board of directors, as to the legality of which no question is raised, ratified the employment of appellant by the resolution of August 7, 1897. The resolution of November 17, 1897, which was defeated and not adopted, had no effect upon the prior ratification. Nor did the resolution which was adopted on November 27, 1897, for that resolution related only to the moneys paid to appellant from the funds of the association for his services to the receivers, and not at all to the claim for services rendered to the association. The same consideration disposes of the question raised by the conflict

in the evidence as to whether appellant agreed to make no charge at all against the association for his services unless he accomplished certain results, which it is conceded were not accomplished. The resolution ratifying the employment and approving of the services rendered would, we think, operate to dispose of this question in favor of appellant.

"But it appears from the evidence, and without any contradiction, that appellant, after having been retained by the association, accepted employment in the same litigation as counsel for others, who represented interests adverse to the interests of the association, viz., the receivers, and that he performed services for the receivers during the period of his employment by the association and while he was charging the association for services to it, and that he has been paid from the funds of the association for such services to the receivers. Appellant testified that 'the union (the association) was antagonistic to the receivership;' that he was allowed by the court $1295 for services rendered the receivers; that the services rendered in the receivers' behalf were in contempt proceedings; that the order directing the assets to be held for the payment of fees was entered later. Attorneys at law cannot thus accept employment from adverse litigants at the same time and in the same controversy. Nor does it matter that the intention and motives of the lawyers are honest, as we fully believe them to have been in the present instance. The rule is a rigid one, and designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt to reconcile conflicting interests rather than to enforce to their full extent the rights of the interest which he should alone represent. (*Farwell* v. *Great Western Tel. Co.* 161 Ill. 522; Weeks on Attorneys at Law, sec. 271; *Heffron* v. *Flower*,

35 Ill. App. 200; *Adams* v. *Woods*, 8 Cal. 306; *McDonald* v. *Wagner*, 5 Mo. App. 56; *Decelis* v. *Brunson*, 53 Cal. 372; *Spinks* v. *Davis*, 32 Miss. 152; *McArthur* v. *Fry*, 10 Kan. 233; *Herrick* v. *Catley*, 30 How. Pr. 208).

"In *McDonald* v. *Wagner, supra*, the court said: 'Part of the consideration of this note was plainly illegal. An attorney cannot recover for legal services rendered by him both to plaintiff and defendant in the same suit. The plaintiff here discloses a case founded upon a cause of action which the law, from wise motives of public policy, forbids. The intentions of plaintiff were doubtless good; but a lawyer can, under no conceivable circumstances, recover for services rendered in the same suit to parties having opposing interests.'

"If the determination of this appeal rested solely upon the existence of this rule we would have no hesitation in the matter, but the question arises as to whether the association might not, with full knowledge of the inconsistent employment accepted by appellant, yet waive the inconsistency and all right to refuse payment by reason of it; and if this be so, there is the further question as to such a waiver having been effected by the resolution of August 7, 1897. We regard it as of some doubt whether the enforcement of this rule should be treated as a matter of public policy to be insisted upon by the court irrespective of questions of waiver, or as a matter merely of private interest and subject to waiver by the party interested. If it be subject to waiver and this board of directors had power to act in this behalf for the corporation, then we would be led to the conclusion that the resolution in question operated as such a waiver. But while the authority upon the question is scant, yet we are led by the only authority we find, and by the reason of the rule, to conclude that it ought to be enforced without regard to the resolution of the board of directors.

"Some decisions may be found which hold that when an attorney at law acts with the consent of both adverse

litigants in the character of an umpire for the determination of their differences, there is then no inconsistency in such employment. But where the employment for each is to protect the respective and conflicting interests as they may arise in the litigation, it is generally held to be against public policy to allow a recovery of compensation. In *Herrick* v. *Catley, supra,* and in *McDonald* v. *Wagner, supra,* the client sought to be held in each instance was aware of the employment by the adverse litigant when the inconsistent employment was entered into, and in the *McDonald case* there was a very complete ratification by the giving of a promissory note for the fees charged after the services had been rendered; yet it was held that the contract could not be enforced, as it was against public policy. We do not regard decisions in cases of agency of others than lawyers as being in point.

"It is argued very strenuously by counsel for appellant, that, as matter of fact, the set of receivers whom appellant represented were not adverse in their interests to appellee. But the record shows differently, and the testimony of appellant is that they were 'antagonistic.' It is apparent that while striving for his clients, the receivers, to maintain the validity of their appointment, he was opposing the interest of his client, appellee, which desired only to effect the discharge of all receivers. He was to be paid out of the same treasury, if at all, for each service. It was distinctly in the interest of his client, appellee, to prevent, if possible, the allowing to appellant of any fees as counsel for the receivers, against whose appointment it was contending. We think that the interests were in fact adverse. But if they were only apparently so from the record of the proceedings, and were in reality, as counsel insist, not so adverse but that counsel could reconcile them in working to one end, yet we are disposed to think that the rule would apply. If the record of the suit shows them to be adverse interests it is against the reason of the rule to permit the same

counsel to represent them, and therefrom have motive for attempting to make them work together.

"We are of opinion that, having accepted employment from the receivers, by whom he has been paid, appellant cannot now be permitted to recover from appellee for services rendered in the same controversy.

"The decree dismissing the petition is affirmed."

We concur in the views above expressed and in the conclusion above reached. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*