FLORENCE NELSON *et al vs.* BERTHA E. STREETER.

MAY 16, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a bill in equity brought by the heirs at law and next of kin of Jeannette W. M. Smith and those of Sheffield Smith, husband and wife, late of the town of North Providence, deceased, to have a certain deed of real

estate of Sheffield Smith to the respondent declared null and void, and to have the complainants declared to be the owners in fee of said real estate. The cause was fully heard in the superior court on bill, answer and proof, and resulted in a decision for the heirs at law and next of kin of Jeannette W. M. Smith. A decree was entered in the superior court to this effect, and from this decree the respondent has appealed to this court.

The respondent sets out five separate and distinct reasons of appeal in her claim of appeal, in addition to the usual general reasons of appeal that the decree is against the law, against the evidence and against the weight of the evidence. These five specific reasons of appeal need not all be set out here, but it may be important, in view of what is hereinafter said concerning the decree of the superior court, to quote in full at this point the respondent's fourth reason of appeal: "That said decree is against the rights of the respondent, Bertha E. Streeter, as disclosed by the pleadings and the evidence."

This cause proceeded to a hearing and was heard in the superior court as a bill to remove a cloud on the alleged title of the complainants. The complainants' chief specific allegation in their bill of complaint was: "Eighth: Although said deed purports to convey an absolute title in fee simple subject to a reservation of a life estate to the grantor, the deed was not delivered to said grantee, nor, according to information and belief, was it intended to be a real conveyance of said real estate but was made to said grantee with a definite understanding and agreement that she was to hold it temporarily and would reconvey upon demand by the grantor, said Sheffield Smith."

References in the above paragraph are to a deed executed by Sheffield Smith, and dated April 9, 1937, to respondent Bertha E. Streeter. This deed purported to convey a cer-

tain lot of land with all the improvements thereon situated on Olney avenue in the town of North Providence and formerly belonging to Jeannette W. M. Smith, deceased wife of Sheffield Smith, to whom she left, by will, a life estate in all of her property, coupled with certain powers of disposition.

Complainants alleged in their bill the decease of Sheffield Smith and Jeannette W.. M. Smith and that they, the complainants, are the heirs at law and next of kin of both of them without, however, identifying which are the heirs of Sheffield Smith and which are those of Jeannette W. M. Smith. They pray that the deed to the respondent be declared null and void and that they be declared to be the owners in fee simple of the premises described in the deed subject to the payment of the *claims against the estates of Sheffield Smith and Jeannette W. M. Smith.*

The respondent filed an answer in which she neither admitted nor denied that complainants were the heirs at law of the deceased as they alleged but left them to their proof. Respondent did deny, however, that complainants had any title or right to possession of the premises described in the deed and claimed that she had title to such premises by virtue of said deed. Further, respondent took issue directly with the complainants' chief specific allegation in their bill, hereinbefore quoted in full, and concluded her answer with the following affirmative defense: "And for a further and affirmative answer the respondent says that the deed was executed by said Sheffield Smith, and was recorded by said Sheffield Smith, and was delivered by said Sheffield Smith, to the husband of the respondent in the respondent's presence, and other than a reservation of a life estate in the grantor, Sheffield Smith, therein, no agreements, understandings or anything otherwise, and that the respondent obtained a good title in fee simple by virtue of said deed subject only to the life estate of said Sheffield Smith."

The same counsel represented all the complainants in the drafting of all papers filed in their behalf in the superior court and in this court, in the presentation of evidence at the hearing in the superior court and in the argument in this court. The significance of this fact will appear hereinafter as we consider the manner in which the cause traveled through the superior court.

The transcript shows that this cause was tried wholly on the issue whether the deed from Sheffield Smith to the respondent was unconditionally delivered to her. Complainants sought to show in proof of the chief specific allegation in their bill that there had been no such delivery and that the deed was not intended by the grantor to be a deed of the premises but merely a convenient means of accomplishing some other purpose which the respondent had knowledge of and understood when she received the deed. Respondent met the complainants' evidence on this issue by showing that the deed was actually delivered by Sheffield Smith and intended by him to be an unconditional conveyance to the respondent of a fee simple title in the premises described in the deed subject to a life estate reserved in the grantor.

Apparently at the conclusion of all the evidence there was in the minds of both court and counsel no other issue involved in the pleadings and evidence than this one, whether Sheffield Smith's deed to the respondent was actually intended as an absolute conveyance of title to the respondent. In other words, the controversy between the parties revolved around whether Sheffield Smith had actually conveyed a title to this real estate and not whether he had any power to convey such title.

This view is supported by a brief colloquy which ensued between counsel for complainants and the trial justice following the close of the evidence. At that time the trial justice stated from the bench: "The vital allegation in the

case appears to be contained in the eighth paragraph of the bill which charges that although this deed purports to convey absolute title in fee simple, the deed was not delivered to the grantee, nor, according to information was it intended to be a real conveyance of the said real estate, but was made to said grantee with the definite understanding and agreement that she was to hold it temporarily, and reconvey it to the grantor subsequently." He then asked complainants' counsel if there was evidence before him to support that allegation. Counsel replied: "On that particular point I don't know that I have any answer." Thereupon the trial justice made the following finding: "Then apparently I was not far from right in concluding as I did, so that I find as a fact that there has been no proof here to substantiate the allegation that this deed was delivered by Doctor Smith to Mrs. Streeter under the circumstances described here, and that he gave this property, through the instrumentality of this deed to Mrs. Streeter, without any condition, and without any understanding or agreement for a reconveyance. Now what is left?"

In response to that question complainants' counsel argued that there was the sixth paragraph and under that paragraph he argued that Sheffield Smith had actually no power to convey a title by way of gift, because, under his wife's will, he had only a power to sell the real estate described in the deed. The evidence showed that he had made an outright gift of the same to the respondent. In making such an argument counsel placed himself in an anomalous and inconsistent position. If his bill was intentionally drawn to include such an attack on the power of Sheffield Smith, and if the language which he employed was broad enough to comprehend it, which we doubt, then counsel failed utterly to act upon such a view until after the evidence was closed and after he learned that he had failed to sustain the main allegation upon which he had tried his case. Counsel failed to perceive the inconsistency of this final argument with

his second prayer for relief, wherein he asked that the complainants, which included both the heirs of Sheffield Smith and those of Jeannette W. M. Smith, be declared owners of the fee. He also failed to realize or appreciate that in arguing for such a view he was actually arguing directly against some of his clients, namely, the heirs of Sheffield Smith.

This unusual situation apparently escaped the vigilant eye of the trial justice, as he entertained the argument of counsel on the point raised and later filed a rescript in which he decided in favor of the complainants on the ground that, under the will of Jeannette W. M. Smith, Sheffield Smith had only the power to sell the real estate in question and not the power to give it away. In other words, having decided from the bench the cause that was actually pleaded in the bill and answer and tried out in the proof before him, he later, on the brief argument made by complainants' counsel, undertook to construe the will of Jeannette W. M. Smith. Strangely enough, after having found that Sheffield Smith had no power to make the deed, the trial justice decided "that the title to said real estate in fee simple is in the complainants as heirs at law of both Dr. and Mrs. Smith", as prayed for in the bill. Complainants' counsel, still representing the heirs of both decedents, as far as we know from the papers in the case, moved to enter a final decree on this decision but only for the heirs of Jeannette W. M. Smith, pointing out in his motion that the trial justice had inadvertently included the heirs of Sheffield Smith in his decision. A decree to this effect was accordingly entered.

It must be evident, from the above narrative, that this decree cannot be sustained. It is clearly, in our opinion, contrary to the pleadings and evidence in the cause and is a decision by the trial justice on a matter not properly cognizable in the cause before him. Moreover, if we were to sustain it, we would be approving not merely the appear-

ance of counsel against some of his own clients but also the advocacy by him in open court, in two separate and distinct instances, of points of law against their interest.

Counsel undertook, in this cause, to represent the heirs of both decedents and he had a right to do so as long as their interests were common, as they were on the theory on which he tried this cause and on the bases on which the bill of complaint was drawn; but when he undertook to urge the court to construe the will of Jeannette W. M. Smith solely in the interest of her heirs, he was no longer pursuing a course that was beneficial to the heirs of Sheffield Smith however consistently adverse it was to the respondent.

A decree obtained under such circumstances, however innocently or inadvertently, ought not to be permitted to stand. If it was the design of counsel for the complainants to seek a construction of the will, he has not gone about it in the proper way. We are of the opinion however that such was not his purpose and that his argument to the trial justice, after the evidence was closed, was made without reflection. If the title to this real estate is primarily dependent upon a proper construction of the will of Jeannette W. M. Smith, there is a way to determine that question in this court. In such a proceeding it is of the utmost importance that conflicting interests shall be independently represented. On the other hand, if the situation is such that there is a cloud on the title and a construction of the will incidentally involved, there is available in the superior court a method by which, on proper pleadings and evidence, that court may determine such question. In that case also there ought to be independent representation of conflicting interests.

For the reasons stated, we are of the opinion that the decree appealed from is unsupported by the pleadings and the evidence. There is, however, in the record a clear, explicit and definite finding of fact by the trial justice based upon those pleadings and evidence which in our opinion is

entirely correct. To avoid needless expense and delay, that finding ought to be made final and incorporated in a decree in favor of the respondent.

Respondent's appeal is accordingly sustained, the decree appealed from is reversed. On May 20, 1940, the parties may present a form of decree for our approval, in accordance with this opinion, to be entered in the superior court.

*J. Raymond Dubee, James E. Smith,* for complainants.

*Voigt, Wright, Munroe & Clason, Ernest T. Voigt,* for respondent.