Mary Skillman, Appellee, v. Earl McDowell and Jane McDowell, Trading as Talk O' The Town, Appellants.

Gen. No. 9,816.

Opinion filed December 22, 1942.

GEORGE Z. BARNES, of Peoria, and EKERN, MEYERS & MATTHIAS, of Chicago, for appellants; GEORGE Z. BARNES, of Peoria, DONALD L. THOMPSON, WILLIAM G. CHORN and WALTER F. DODD, all of Chicago, of counsel.

CASSIDY, KNOBLOCK & SLOAN, of Peoria, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is an action by appellee under the Dram Shop Act, to recover damages from appellants for personal

injuries sustained while a customer in their place of business. The appeal is prosecuted from judgment rendered upon the verdict.

On the evening in question, appellee and her husband in company with friends, entered the place of business of appellants. They were seated at the bar preparatory to partaking of a drink, when their attention was attracted by the noise and confusion produced by a man and woman scuffling over a gun. It appears that Mrs. Ruth Freed was possessed of the gun, a revolver, and was engaged in a scuffle with her husband. Suddenly she began to shoot, and fired the gun several times. One of the shots struck appellee just above the elbow of her right arm, passing through the arm. Evidence shows that from this injury, she has practically lost the use of her hand and forearm.

Prior to the trial of the case, and approximately 11 months after the commencement thereof, appellants filed a motion, supported by affidavit of appellant, Earl McDowell, to exclude attorneys for appellee from participating in the trial. The motion and affidavit recite that on the date appellee received her injury, appellants carried a policy of insurance with the Continental Casualty Company, to insure them against liability for certain types of loss or damage; that immediately after the shooting of appellee, they notified the agents of such company; that subsequent to this notice, Attorney Louis F. Knoblock, an associate of appellee's firm of attorneys, came to appellants' place of business as a representative of the said casualty company, where he obtained certain statements from appellants and their employees with respect to the affair. Appellants say that they would not have furnished the information to the attorney, except for the fact that they wished to co-operate with him as the attorney for the Continental Casualty Company, and further that by the terms of their policy with that

company, they were obliged to so co-operate. Appellants by their motion, ask that the trial court restrain appellee's firm from appearing in any manner in the further prosecution of the case.

Attorney Knoblock filed his affidavit in response to appellants' motion. By his affidavit, he states that as a representative of the Continental Casualty Company, he did go to the place of business of appellants for the purpose of determining what had occurred, and whether there was any liability existing under the policy of insurance issued to them by said company; that upon learning from appellants and their employees, what had happened, he found there was no liability under the policy; that this policy was what is known as an owners', landlords' and tenants' policy, which insured appellants against liability for damages as a result of defective, dangerous or hazardous condition of the premises, and that said policy was in no way connected with liability under the Dram Shop Act. He states that all he requested was that they tell him what happened so that he might determine the question he was there to determine. He denies that he obtained any confidential information from appellants, or their employees, and states that he only learned such facts as were conversant to all who were present at the resort on the evening in question. He further states that before instituting the suit for appellee, he called appellant, Earl McDowell, by telephone, and stated to him that appellee had requested the bringing of the suit, and appellant stated that it might as well be him as some other lawyer, whereupon he informed appellant he would proceed to represent appellee.

The court denied appellants' motion to strike the appearance of appellee's counsel, or to restrain them from acting as attorneys in the case.

The motion and affidavit of appellants claim that the information obtained by Attorney Knoblock was of a confidential nature, and obtained by reason of his appearing as attorney for their insurance carrier. It does not appear the attorney secured any facts other than what were subject to the observation of the patrons of appellants' place of business at the time of the shooting. We find nothing of a secret or confidential nature set out. The resort was crowded with people at the time of the shooting. The participants to the shooting were customers of appellants. Since they were acting wholly upon their own volition, it is not to be presumed the appellants had any confidential information in regard to the affair.

Public policy demands that an attorney shall not act in a manner or capacity that would be incompatible with his duty as attorney toward his client, and under this rule, he is disqualified from representing interests which are adverse or hostile, and in conflict with those of his client. However, where it appears that nothing of a confidential nature was obtained by the attorney, and that the relationship of attorney and client did not arise, and that no injury resulted from the conduct complained of, the court will not prevent the attorney from continuing in the case. Whether an attorney has violated his professional duties, and should be prohibited from acting in a particular case, depends upon the facts in such case. The rule merely forbids an attorney's appearance against a former client where the attorney can use, to the detriment of said client, the information and confidences acquired during the existence of their former relation. Here, neither the motion nor affidavit sets out any alleged confidential information obtained by the attorney from appellants. The only thing that appears to have been obtained was such information as was testified to

by those present in appellants' resort at the time in question, and as far as we can determine from the record, this was the only information Attorney Knoblock received from appellants. The parties understood the sole purpose of this investigation was to determine if the nature and character of the injury to appellee was such as was covered by the policy of insurance carried with the Continental Casualty Company. When the attorney learned the nature of the affair that had occurred and the manner in which appellee had been injured, he reported there was no liability on the part of the Continental Casualty Company. Under the circumstances existing in this case, the trial court did not err in refusing to restrain appellee's attorneys from continuing with the proceedings.

Appellants further complain of the refusal of the trial court to permit them to show that appellee had received $550, from Mrs. Freed in consideration of a covenant not to sue. Under the circumstances, we are not of the opinion the court erred in this respect. The actions were of distinct and separate characters. Mrs. Freed is not charged as a joint tortfeasor with appellants. Their liabilities do not arise from the same source. Appellants' liability is purely statutory and governed by the Dram Shop Act. Mrs. Freed was not a party to this suit.

Appellants' third point urged for reversal is, that the verdict is against the manifest weight of the evidence, in that it does not show the intoxication of Mrs. Freed, or that appellants' sale of liquor to her was a contributing factor to appellee's injury. These were proper questions for the determination of the jury. Without a review of the evidence in this regard, we find many witnesses who testified to the conduct of Mrs. Freed, and who express an opinion that she was intoxicated. One cannot review the testimony of her conduct and her language without a conviction that

she was intoxicated. The evidence discloses that she was in appellants' place of business during the evening, in company with others, and that she consumed whiskey. The shooting did not occur until about 2:30 o'clock in the morning. While the court will not indulge in presumptions, yet neither is it blind to the ordinary experiences of life. One does not come armed to a resort of this character, and after spending the night, attempt the shooting of a husband, without some artificial stimulus to the normal processes.

The judgment is affirmed.

*Judgment affirmed.*