### FRASER v. CROUNSE.

### No. 323.

Municipal Court of Appeals for the District of Columbia.

Feb. 11, 1946.

Rehearing Denied Feb. 21, 1946.

Arthur G. Lambert, of Washington, D. C., for appellant.

John Paul Jones, of Washington, D. C., for appellee.

Before CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Plaintiff Amos Cameron Crounse, an attorney, brought suit against George B. Fraser, appellant here, to recover $3000 for legal services rendered. The jury awarded plaintiff $2350. Defendant appeals.

The testimony was detailed and lengthy, covering some 300 pages, and we shall state only the evidence necessary to a consideration of this appeal. The Federal Government brought suit in the United States District Court for the Eastern District of Virginia to condemn certain real estate in Arlington County. Named as defendants were appellant Fraser, as trustee, Kibler, Robinson, and others. Fraser, as trustee, had power to sell and was required in event of sale to distribute the proceeds one-half to Kibler, one-quarter to Robinson, and one-quarter to himself. Boulévard Properties, Inc., which owned adjoining land, was also made a party to the cause because of a covenant between it and Fraser not to use the land in suit for commercial purposes. Kibler owned a one-half interest in Boulevard Properties, Inc.

Coincident with the filing of the suit, the Government filed a "declaration of taking" and deposited in the registry of the court $142,500, which was the amount agreed to be paid for the property.

Answers were filed by all the parties to the suit. In his answer Fraser, as trustee and also in his own behalf, set forth the terms of the deed in trust under which he held title to the land and·claimed the right as trustee to all the net proceeds of the sale.

A petition was then filed by one Clarence I. Peckham, claiming a lien on the property in question and praying that the. court hold in trust for him any interest of Fraser; that he be substituted as a party in interest to the right of Fraser; and that he be paid the reasonable value of his interest.

Thereafter Fraser filed a petition for partial distribution of the fund in the registry of the court, asking to have it paid over to him as trustee, for distribution to the beneficial owners of the property. Fraser consulted Crounse and then filed an answer to the Peckham petition and a motion to dismiss the suit, and he arranged for a hearing on the motion. On the same day, Crounse filed an amended petition on behalf of Kibler, Howard R. Robinson, and other heirs of the Robinson estate, contending that the deed in trust to Fraser was self-executing and of no effect, and that consequently the proceeds of the sale should be paid directly to the several parties interested, and not to Fraser as trustee.

Two days later the parties appeared in court for the hearing on the petition for partial distribution, and on the motion to dismiss the Peckham petition. Crounse, who then represented Fraser as well as Kibler and the Robinson estate, stated that he was ready to argue the Peckham motion but wished first to call the court's attention to what he regarded as defects in the record. He asserted that under the Virginia Code property conveyed under a deed in trust vested in the person entitled to the use. He also pointed to a procedural defect in that no guardian ad litem had been appointed for Walter Scott Robinson, an infant claimant. The court agreed to appoint

a guardian ad litem for the infant and indicated that he would refer the matter to an examiner for hearing, and for settlement of the claims of Peckham and Boulevard Properties, Inc.; but stated that if all the parties could agree, distribution might be proceeded with.

Crounse claimed that thereupon he undertook to settle the Peckham claim and did settle it for $1250. He also claimed that he effected a settlement of the Boulevard Properties' claim for $2500. But Fraser testified that he had become incensed at Crounse because of the adverse position Crounse had taken against him at the hearing, and refused to authorize Crounse to represent him any further; but that at the urging of the other parties in interest, he did acquiesce in the settlement of the Peckham claim.

After the settlement of the claims against the property, Crounse prepared the order for distribution, and it was filed with the court and signed by the judge, and disbursements made in accordance therewith. Crounse thereafter sent Fraser a letter detailing his services and submitting his bill for $1250. Fraser made no reply and Crounse later brought suit in the Municipal Court for $3000.

The first question for review deals with the refusal of the trial judge to grant the following instructions which were tendered by defendant:

"The jury is instructed that if it finds from the evidence that the plaintiff, Crounse's employment was terminated because he undertook to represent interests in conflict with defendant Fraser's, that plaintiff is not entitled to recover and their verdict must be for defendant."

"The jury is instructed that should it find from the evidence that the defendant Fraser requested plaintiff to represent him as his attorney and plaintiff agreed to do so [and] that thereafter as attorney for other parties in the case plaintiff took a position which conflicted with the interests of defendant that he disqualified himself from representing defendant and your verdict should be for the defendant."

We think the instructions were predicated upon ample evidence, that they correctly stated the law, and should have been granted. It is true that the evidence on these points was in conflict. Fraser's evidence was to the effect that when he engaged Crounse's services he did not know that Crounse was representing the Kibler and Robinson interests; that he was taken by surprise when Crounse took an adverse position in connection with the Peckham motion and sought to "break up" the trust; and that he refused to authorize Crounse to represent him further. Crounse testified that he had revealed to appellant that he had been engaged by Kibler and the Robinson estate to file an amended petition for the distribution of the fund; that in connection with the Peckham claim he represented Fraser as an individual and not as trustee; that he could have argued the motion when it was called, but did not because the record was not in proper shape; and that Fraser requested him to negotiate a settlement not only of the Peckham claim, but also of the claim of Boulevard Properties.

Thus the evidence presented two conflicting versions on an important and highly material issue. Defendant Fraser was entitled to have his version outlined to the jury and the applicable law explained by the judge. "A party to a cause of action is entitled to have his theory submitted to the jury where supported by the evidence and the pleadings, and this makes it the duty of the Court to submit all such issues, both affirmative and negative."[1]

We think the quoted instructions correctly state fundamental principles of law. An attorney engaged by one party may not represent another party having conflicting interests, and then demand a fee from both parties. The dictates of reason, and of public policy as well, tell us that a lawyer may not represent adverse interests or undertake to discharge conflicting duties.[2] The rule is clearly summarized in Strong v. International Building, Loan & Inv. Union, 183 Ill. 97, 55 N.E. 675, 676, 47 L.R.A. 792, as follows: "Attor-

[1] Metropolitan Life Ins. Co. v. Adams, D.C.Mun.App., 37 A.2d 345, 350; Memphis St. R. Co. v. Newman, 108 Tenn. 666, 69 S.W. 269; Mentz v. Omaha & C. B. St. R. Co., 103 Neb. 216, 170 N.W. 889, 175 N.W. 478; McKinney v. Carson, 35 Utah 180, 99 P. 660; Savannah Electric Co. v. Johnson, 12 Ga.App. 154, 76 S.E. 1059; Anderson v. Wallowa Nat. Bank, 100 Or. 679, 198 P. 560; Huey & Philp Hardware Co. v. McNeil, Tex.Civ.App., 111 S.W.2d 1205.

[2] Smallwood v. Overseas Storage Co., 263 App.Div. 609, 33 N.Y.S.2d 876. See also Nelson v. Streeter, 65 R.I. 13, 13 A. 2d 256; Almon v. American Carloading

neys at law cannot thus accept employment from adverse litigants at the same time, and in the same controversy. Nor does it matter that the intention and motives of the lawyers are honest, as we fully believe them to have been in the present instance. The rule is a rigid one, and designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interests which he should alone represent."

In the case at bar, the jury should have been told that if they accepted Fraser's version of the matter and believed that Crounse had represented interests adverse to Fraser and attempted to destroy a trust which Fraser was striving to preserve, they should then find that Crounse had forfeited his right to claim any fee of Fraser. Mr. Crounse is a highly respected member of the legal profession, and we are not to be understood as even suggesting that there was any impropriety in his conduct. We say only that appellant was entitled to have the issues submitted to the jury under proper instructions.

We next consider the exclusion of certain evidence. Crounse contended that the amount of his fee was justified in large part by the work he had done in settling the claims of Peckham and Boulevard Properties, and by the money he had saved Fraser thereby. He testified concerning his part in the settlement negotiations and offered three expert witnesses, who testified as to the reasonableness of the fee he claimed and who also based their opinions on the results achieved by Crounse. Appellant Fraser attempted to show through his witness, Kibler, that it was Kibler and not Crounse who brought about the Boulevard Properties settlement; but the trial judge refused to admit the testimony.

We think it was error to exclude this evidence. If the jury was to properly understand the extent of the services rendered and the value thereof, it was entitled to hear both sides of the story. If Kibler, rather than Crounse, was respon-

sible for the settlement; if he was the one who brought the negotiations to a successful conclusion; if Crounse's part was a comparatively minor one, the jury was entitled to know it. To rule out such evidence was equivalent to shutting off a major portion of the defense.

Finally we consider appellant's claim that the verdict was excessive and should for that reason have been set aside. He points to the fact that although Crounse originally rendered a bill for $1250, he sued for $3000 and recovered $2350. We think plaintiff was not estopped to claim more than the amount of his original bill. We refer to Chinn v. Lewin, 57 App.D.C. 16, 16 F.2d 512, 49 A.L.R. 1480, which held that when a bill has been rendered for professional services or for labor having no fixed market value, retention of the bill does not amount to an implied admission of the correctness of the amount claimed, and that the client is not estopped to deny the correctness of the bill. In arriving at its decision, the Court of Appeals cited two cases [3] in which the plaintiffs (in one case an attorney, and in the other, an architect) suing for professional services, claimed and were permitted to recover sums larger than the amounts for which they had previously rendered bills. The Court reasoned that if the plaintiff was not bound by the amount of his bill, neither should it be conclusive against the defendant. We, too, think the rule should work both ways. The fact that plaintiff had originally billed the defendant for only $1250 was properly received on the question of the reasonableness of his later claim of $3000; but in the absence of some special circumstances, plaintiff was not estopped to claim and recover a larger amount. Here there were no such special circumstances, and plaintiff's position was that because a fellow attorney was involved he billed him for the smaller amount; but that he felt entitled, when the claim was not paid, to sue for the amount which he felt was really fair and reasonable. Neither this circumstance nor any other circumstance revealed in the record would justify the trial court or this court in holding that the verdict was excessive as a matter of law.

Reversed with instructions to award a new trial.

Corporation, 312 Ill.App. 225, 38 N.E.2d 362; Zimmer v. Gudmundsen, 142 Neb. 260, 5 N.W.2d 707; Skillman v. McDowell, 317 Ill.App. 85, 45 N.E.2d 574.

[3] Williams v. Glenny, 16 N.Y. 389; Harrison v. Ayers, 18 Hun, N.Y., 336.