# EINAR HOIDALE v. C. M. COOLEY.

## NORTHERN AMERICAN LIFE AND CASUALTY COMPANY, INTERVENER.[1]

October 10, 1919.

No. 21,386.

**Action on promissory note — intervention by insurance company — premium note.**

1. An insurance agent, to whom policies were intrusted for delivery to an applicant for insurance on payment of the first premium in cash, disobeyed instructions, delivered the policies and took the applicant's notes payable to the applicant and indorsed in blank. An assignee of the notes after maturity sued on them. The insurance company claimed the notes as its own and intervened. *Held*, it had a right to intervene and the complaint in intervention stated a case.

**Election of remedies by insurance company — finding sustained by evidence.**

2. On learning of the agent's unauthorized act, the insurance company had three courses open: First, it might repudiate his act and demand a return of the policies. Second, it might charge the agent with its share of the premiums, in which event the notes would belong to the agent. Third, it might ratify his act and demand the notes. This, the court found, the company did do. The evidence sustains this finding.

**Form of judgment.**

3. The agent being entitled to 70 per cent of the premium represented by the notes, unless other facts are involved, judgment should be for his assignee for 70 per cent of the amount and for the company for the balance.

**Parties to action — when attorney may act for more than one.**

4. Where there is no substantial controversy between two of the

[1] Reported in 174 N. W. 413.

parties to an action, there is no impropriety in the same attorney representing them so long as the parties represented are content.

Action in the municipal court of Minneapolis upon two promissory notes. The North American Life & Casualty Company filed its complaint in intervention. The facts are stated in the first paragraph of the opinion. The case was tried before Montgomery, J., who when defendant rested denied plaintiff's motion to strike out the intervener's answers from the files on the ground that no right to intervene had been shown, and upon the further ground that the testimony had not shown the right of intervener to recover, made findings and ordered judgment in favor of intervener for $315.60 and interest. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Einar Hoidale,* pro se.

*A. C. Egelston,* for respondent.

HALLAM, J.

1. Intervener is a life insurance company. In February, 1917, H. W. Maginnis was its agent to solicit insurance. He procured from defendant an application for two policies for $5,000 each. The first premium on each was $157.60. Maginnis was entitled to 70 per cent as his commission or compensation. The policies were delivered to Maginnis with instructions to deliver them to defendant only on receipt of the premiums in cash. He disobeyed his instructions and took two notes of defendant, payable to the order of defendant and indorsed by him, one due in 30 days, the other in 60 days. Upon learning that Maginnis had taken the notes, intervener claims to have demanded them. The insurance for which the notes were given was continued in force. After maturity of the notes Maginnis transferred them to plaintiff. Plaintiff sued on the notes. The insurance company intervened, claiming the notes as its own, and resisting plaintiff's demand for judgment. The court gave judgment for the amount of the notes in its favor, instead of in favor of plaintiff. Plaintiff appealed.

We do not doubt the right of the insurance company to intervene. The notes were indorsed in blank by the payee. The insurance company claimed to own them. Plaintiff also claimed to own them and had possession of them. Under the liberal construction placed upon our intervention statute, G. S. 1913, § 7766, the insurance company had a right to intervene (Faricy v. St. Paul Inv. & Sav. Society, 110 Minn. 311, 125 N. W. 676) to defeat plaintiff's recovery and to itself recover on the notes.

Plaintiff contends that the complaint in intervention fails to state a case. We think it, in effect, makes allegation of the facts above recited. It alleges ground for relief against both plaintiff and defendant. That it did not ask judgment against the defendant and that the court gave judgment against the defendant are matters between the intervener and the defendant, with which the plaintiff has no concern.

Coming to the merits of the case:

2. When intervener learned that Maginnis had disobeyed instructions and had delivered the policies and taken the notes, three courses were open to it: First, it might repudiate his act and demand a return of the policies. It did not do this. It chose to have the policies in force. Second, it might charge Maginnis with its proportion of the premiums, in which event the notes would belong to Maginnis. Plaintiff claims that is what intervener did do. Some entries in its books tend to bear out this contention. The oral testimony, however, is to the contrary. The court found against plaintiff on this point and the evidence is such as to sustain the finding. Third, it might ratify Maginnis' unauthorized act in taking the notes and demand delivery of the notes to it. This, the court found, intervener did do. The evidence sustains this finding.

3. The legal title to the notes is doubtless in intervener, and judgment in its favor is sustained. The fact remains, however, that 70 per cent of the proceeds belonged to Maginnis and now apparently belongs to plaintiff as his assignee. Had plaintiff asked that judgment be given in his favor for 70 per cent of the amount and in favor of the intervener for 30 per cent, there is no reason apparent from the record why he should not have had this relief. Practical justice does not seem to

require another lawsuit over this small matter. Plaintiff did not ask this relief. Perhaps he may yet do so. We do not order judgment of this kind, because the case was not submitted on this theory, and there may be matters bearing on the propriety of such a judgment which are not apparent from the record.

4. The fact that the same attorney represented both defendant and intervener does not concern plaintiff. There is no substantial controversy between intervener and defendant and no impropriety in the same attorney representing both so long as both parties represented are content.

Numerous other assignments of error are made. We have examined them carefully. They present no reversible error.

Judgment affirmed.