[Civ. No. 5201.   Second Appellate District, Division Two.—March 20, 1929.]

F. T. PEARSON, Respondent, v. C. C. CRUMMER, Appellant.

Hazlett & Albee for Appellant.

Walter C. Davison for Respondent.

CRAIG, J.—The respondent instituted an action in the superior court of Riverside County for commissions alleged to have been earned by him as a realtor in obtaining for appellant an agreement in writing, between the latter and G. W. Short and Henry Pitcher, for the exchange of certain real and personal properties. A demurrer and motion to strike out portions of the complaint having been overruled, and after trial judgment being rendered in favor of the plaintiff, the defendant appealed.

The plaintiff alleged that he procured for the defendant a contract in writing by the terms of which the defendant agreed to convey certain real property, described in the complaint, for certain real property of the value of $30,000, and the "stock of feed, grains, fuel, tires, etc., and two parts of farm machinery, seeds, poultry supplies and all personal property and stock in trade, of the value of $12,000, belonging to the defendant. The contract also provided for trucks and fixtures connected with the business," including the delivery of "one Bethlehem truck and one stump puller to be decided upon later." The complaint further alleged that the plaintiff was employed by defendant to obtain such agreement, for which the latter agreed to pay him a commission of two and one-half per centum of the value of defendant's real property, and five per centum of the value of the personal property as it should inventory at the time of acceptance and approval of the agreement for exchange. The plaintiff averred that the parties to the proposed exchange inspected all of the properties mentioned, and that each executed and delivered to the other said exchange contract.

It appears that the contract of employment was at first merely oral, but that after such inspection and definite agreement, and before conveyance by either party, it was committed to writing, providing that in the matter of commission "in the deal now pending," said commission should be paid "on or before consummation of this exchange"; and that the value of the personal property should be based "on the amount on hand at the acceptance or approval of said agreement" between the vendors.

The grounds of appeal consist of contentions (1), that the description and amount of personal property proposed to be

conveyed was uncertain; (2) that since the personal property was worth more than $200, the statute of frauds required some note or memorandum in writing, signed by the party to be charged, but that the contract of employment was not signed until after execution of the exchange agreement, and (3) that the plaintiff did not allege nor prove that the exchange was consummated, and, hence, that no commission was earned.

The findings of fact and judgment recite that the cause came on regularly for trial, and that evidence, both oral and documentary, having been introduced by the respective parties, and the cause having been argued and submitted, the court rendered its decision and judgment accordingly in favor of the plaintiff in the sum of $1,136.90, together with interest and costs. Since the appeal is founded upon the judgment-roll alone, we are not called upon, nor are we empowered, to question findings of fact. It was agreed that the commission of five per centum be computed upon the amount of personal property "on hand at the acceptance or approval of said agreement," and that all commissions be paid "on or before consummation." The trial court found that the value of the personal property as of the time stipulated, excluding the Bethlehem truck and stump puller, was $11,000. The plaintiff also alleged, and the court found, that the parties had agreed that whether or not the truck and stump puller might be included should not affect the trade, and that the plaintiff did and performed all of the conditions of his contract, which is tantamount to a declaration that if the deal were not consummated it was through no fault of respondent. The court further found and adjudged that the plaintiff earned, under his contract of employment, a commission of $1,300, and that the allegations of the answer were untrue.

We must presume that the preponderance of the evidence adduced by the respective parties compelled the rendition of the findings and judgment as presented by the record before us, and that the amount and value of the personalty on the date of acceptance and approval of the principal contract was made definite and certain at the time of trial.

The plaintiff having done everything that he was employed to do, the commissions were earned. The minds of the parties definitely met, with the one exception last

above noted, which was left for future determination. That element having been ascertained, all that remained was the actual exchange by mutual conveyances, i. e., the consummation of the exchange, over which the plaintiff had no control. The solemn covenants of the contracting parties required performance of this the vital object of their contract, but if by mutual consent or owing to the default of either party, the conveyances were not completed, the plaintiff was entitled to compensation, for the reason that he had earned it, and that it had previously been agreed that the commissions should be paid on or before such event.

We do not deem it necessary upon the facts as presented to seriously consider the applicability of the 'statute of frauds (Code Civ. Proc., sec. 1973) in such cases, since in either view, as to whether the defendant had realized all the fruits of the plaintiff's services before signing the contract of employment, or had executed the same as a promise to pay for services already rendered and in acknowledgment and confirmation of the obligation, his failure or refusal to make the conveyances would not absolve him therefrom.

Other grounds assigned for reversal are directed at the complaint, but are of the same tenor, and raise no different issues of law.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.