[Civ. No. 8760. First Appellate District, Division One.—November 19, 1932.]

LENA R. GRAUBERGER, Appellant, v. J. E. LIGHT et al., Respondents.

W. Frank Shelley for Appellant.

James F. McBryde for Respondents.

THE COURT.—The plaintiff appeals from a judgment entered in favor of defendants in an action to rescind a contract. The appeal is presented on the judgment-roll alone.

The defendants are attorneys, and plaintiff is the widow of Fred Grauberger, deceased, who left estate in Colorado and California. By the contract in question plaintiff employed the defendants to represent her in all matters connected with the settlement of her husband's estate in Colorado and in any litigation growing out of the same, and agreed to pay them for their services twenty-five per cent of all property secured to her from the estate. The complaint alleged in substance that she entered into the contract without independent advice, and was induced to do so by the false representations of one of the defendants; that they rendered no service thereunder, and had accepted employ-

ment as attorneys for a third person who was seeking to enforce a claim against her husband's estate. These averments were denied, the answer further alleging that the action was barred by laches. Defendants also sought to recover a balance of $497.99 unpaid under the contract, which they alleged they had fully performed.

The court found in accordance with the answer, and entered judgment denying a rescission and for the recovery by the defendants of the above sum.

Plaintiff claims that the transaction was tainted with fraud and that the court erred in awarding judgment against her.

As stated, the appeal is presented on the judgment-roll alone. Consequently, the findings which are contrary to plaintiff's contention cannot be reviewed (*Spring Valley Water Co.* v. *County of Alameda*, 88 Cal. App. 157 [263 Pac. 318]; *Pearson* v. *Crummer*, 97 Cal. App. 707 [276 Pac. 153]). The same is true of her claim that the attorneys accepted employment from another and used their knowledge of her affairs to her disadvantage. The court found, however, that an attachment was levied on plaintiff's property in California. In this connection the court found that before the execution of the contract plaintiff had been appointed the administratrix of her husband's estate in California, in which proceeding attorneys other than defendants have at all times represented her. The claim mentioned was filed by defendants on behalf of the claimant before they became plaintiff's attorneys in connection with the Colorado estate. This claim was based on a note executed by plaintiff and her husband, and was allowed by her as administratrix. It was also found that plaintiff, knowing that defendants represented the claimant mentioned, solicited them to represent her in the Colorado matter and that by the consent of all parties they agreed to do so; further, that she stated her desire to pay the note, but wished to procure the money necessary from the property in Colorado; that in the action filed against her plaintiff was represented by counsel other than defendants, and at no time did defendants use their knowledge of her affairs to her disadvantage, but acted in good faith, the two transactions being separate and distinct and no adverse interest being affected.

While, as urged by plaintiff, an attorney may not assume a position adverse to his client without the latter's consent (6 Cor. Jur., Attorney and Client, sec. 105, p. 619) here it is clear from the findings that the defendants were employed by plaintiff with the full knowledge of their previous employment by the claimant, that there was no concealment or bad faith on their part, and that she suffered no prejudice by reason of their relations with the claimant.

The findings support the conclusions of the trial court and the judgment is accordingly affirmed.