## FRASER v. CROUNSE.
### No. 546.

Municipal Court of Appeals for the
District of Columbia.
Dec. 12, 1947.

See, also, 47 A.2d 96.

Arthur G. Lambert, of Washington, D. C. (Lambert, Hart & Northrop, of Washington, D. C., on the brief), for appellant.

John Paul Jones, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This case is here for the second time. On a former appeal we reversed a judgment for $2,350 in favor of plaintiff for the value of legal services rendered by him for defendant in a condemnation case in Virginia.[1] On the retrial plaintiff obtained judgment for $1,800 and defendant has again appealed.

The former judgment was reversed by us because of failure of the trial court to instruct the jury that a lawyer may not represent adverse interests or undertake to discharge conflicting duties. Reference is made to our previous opinion for the general outline of the evidence in the case, the requested instructions, and our holding with respect thereto. The second trial developed along the same lines as the first, and again a main defense was that plaintiff had undertaken to represent the defendant despite previous employment to represent others whose interests, according to defendant, were in conflict with his.

Defendant requested the trial court to give the jury the instructions approved by us on the former appeal. The court denied this request. Those instructions, when approved by us, became the law of the case and it was error not to give them, unless the court gave them in substance in its general charge.

---

[1] Fraser v. Crounse, D.C.Mun.App., 45 A.2d 757.

In one respect, at least, we think the trial court failed to incorporate the substance of the requested instructions in its general charge. Although telling the jury that an attorney cannot represent two clients having actively conflicting interests and collect fees from both, nevertheless the trial court instructed the jury that if plaintiff acted "without any knowledge of any such conflict" he could recover for his services, but that plaintiff could not recover if he "did have knowledge" from the time defendant employed him that defendant's interests and those of Kibler and Robinson were conflicting.

The effect of this charge, in our opinion, was to tell the jury that plaintiff might recover for services rendered in representing conflicting interests provided he represented them without knowledge of the conflict. We find no authority for this proviso. In the first place, it is hard to conceive of a situation where an attorney could represent conflicting interests and be unaware of the conflict. In the second place, even if there may be representation of conflicting interests without knowledge of the conflict, the lack of knowledge will not obviate the evil which the rule is designed to prevent; for, if the interests are conflicting, the attorney is still unable to give both clients the undivided loyalty and singleness of purpose to which each is entitled. Indeed, the dangers arising when an attorney attempts to represent conflicting interests may be even greater when he is unaware of the conflict than when he has knowledge of it.

As we see it, knowledge on the part of the attorney would be material only on the question of his good faith, but it is well settled that good faith and honesty of motive and intention will not justify a lawyer in representing conflicting interests.[2] Good faith is material only in those exceptional cases where an attorney is permitted to represent adverse interests after he has made a full disclosure of the facts and circumstances to both parties and obtained their free and intelligent consent to his acting for both.[3] If plaintiff's testimony is accepted, he did make full disclosure to both parties and did obtain their consent to his representation of both. However, plaintiff made no request for instructions on this feature of the case and such issue was not submitted to the jury.

Our conclusion is that the instruction given was erroneous and the judgment must be reversed.

One other matter requires our consideration. Mr. Joseph A. Rafferty, a member of the Bar of the District of Columbia, who had taken some part in the condemnation case in Virginia, testified on behalf of defendant as to certain factual matters, but was not permitted to give his opinion as to the value of the legal services rendered by plaintiff. This is assigned as error.

Mr. Rafferty testified he had been in active practice of the law in the District of Columbia for over twenty-five years, that he was not a member of the Bar of Virginia but had practiced in Virginia by association with other counsel, that his practice was largely in the District of Columbia and he had had relatively few cases in Virginia, and that, assuming a distinction in values exists, he was not as well qualified to testify as to the value of legal services rendered in Virginia as he was with respect to such services in the District. Objection was made that he was not qualified because he was not a member of the Bar of Virginia and the services in question were rendered in that State. The trial court, after stating that the qualifications of an expert were within the court's discretion, ruled

---

[2] Strong v. International Building, Loan & Investment Union, 183 Ill. 97, 55 N.E. 675, 47 L.R.A. 792; Moffett Bros. Partnership Estate v. Moffett, 345 Mo. 741, 137 S.W.2d 507; W. C. Turnbow Petroleum Corp. v. Fulton, Tex.Civ.App., 199 S.W.2d 263. Cf. Woods v. City National Bank & Trust Co. of Chicago, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820.

[3] Grauberger v. Light, 127 Cal.App. 576, 16 P.2d 188; Eisemann v. Hazard, 218 N.Y. 155, 112 N.E. 722; Hoidale v. Cooley, 143 Minn. 430, 174 N.W. 413; State v. Rogers, 226 Wis. 39, 275 N.W. 910; cf. Restatement, Agency, sec. 391, and Canon No. 6, American Bar Association Canons of Professional Ethics.

that Mr. Rafferty was not qualified to give his opinion as to fees for legal services rendered in Virginia. In this we think there was error.

We agree that the qualification of an expert is primarily a question for the trial court, and will not ordinarily be reviewed on appeal.[4] But where, as here, the facts are not in dispute, a question of law is presented and is reviewable.[5] The trial court stated that Mr. Rafferty was an able and experienced lawyer, fully qualified as an expert to testify as to fees for services rendered in the District of Columbia, but ruled that because he was not a member of the Virginia Bar and because of his restricted practice in that State and limited knowledge of fees customarily charged there, he was not qualified to express his opinion as to the value of services rendered in Virginia. Arlington County, where Mr. Crounse had his office and where the land to be condemned was situated, and the City of Alexandria, where the condemnation proceedings took place, are adjacent to the District of Columbia, being separated from it by the Potomac River. By the great weight of authority a lawyer of one jurisdiction is qualified to testify as an expert with respect to legal services rendered in a neighboring jurisdiction. That he is not a member of the Bar of the other jurisdiction, has had a limited experience there and has only slight knowledge of the fees customarily charged there, does not render him incompetent as a witness but goes only to the weight of his testimony.[6] It was error not to allow the witness to testify.

Reversed with instruction to grant a new trial.

[4] Gertner v. Newrath, D.C.Mun.App., 49 A.2d 655.

[5] Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551, 11 S.Ct. 653, 35 L. Ed. 270; Congress & Empire Spring Co. v. Edgar, 99 U.S. 645, 35 L.Ed. 487.

[6] Slade v. Harris, 105 Conn. 436, 135 A. 570; Clark v. Ellsworth, 104 Iowa 442, 73 N.W. 1023; Baker v. Hall-Dodds Co., 282 Mich. 463, 276 N.W. 518; Frye v. Ferguson, 6 S.D. 392, 61 N.W. 161; Coco-Cola Co. v. Moore, 8 Cir., 256 F. 640.