**KREIS v. BLOCK.**

No. 940.

Municipal Court of Appeals for the District of Columbia.

Submitted Aug. 21, 1950.

Decided Sept. 13, 1950.

Ernest E. Dematatis, Washington, D. C., for appellant.

John H. Burnett, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff is an attorney-at-law. He represented the administrator of an estate which had among its assets a candy business consisting of stock of goods, fixtures, and a leasehold interest. Defendant[1] made an offer to purchase the business at a price

---

1. Defendant is referred to in the singular although he appears to have acted in the transaction jointly with another who was jointly sued in this proceeding but upon whom apparently service was not obtained.

acceptable to the administrator and plaintiff took the necessary steps, to obtain an order of the probate court authorizing the administrator to sell the business to defendant. The store lease originally had been made to decedent and another and contained a provision against assignment. Plaintiff secured a surrender of the interest in the lease of the other party and then secured consent of the landlord for assignment of the lease by the administrator to defendant. The landlord then gave a new lease to defendant for the remainder of the original term. Plaintiff also prepared the necessary bill of sale.

When the transaction was completed plaintiff sent defendant a bill for professional services rendered in securing transfer of the lease, including his other services performed in connection with authorization and completion of the sale. Defendant refused to pay and this suit followed. Plaintiff testified that he had explained to defendant that the estate would not pay for plaintiff's services necessary in completing the sale, including transfer of the lease, and that defendant would have to pay for them. Defendant denied agreeing to pay plaintiff anything or engaging plaintiff to perform any services. The trial court accepted plaintiff's testimony and awarded him judgment. Defendant has appealed.

■ The main portion of appellant's argument is directed to the claim that in rendering the services appellee engaged in a dual representation as attorney for adverse and conflicting interests, and cases are cited from this court holding that such representation is not permitted.[2] Here, however, we do not think the interests of the parties were conflicting. Of course in negotiating for the sale the interests of the prospective seller and buyer were adverse, but once the terms of sale were agreed upon, the parties were jointly interested in having necessary steps taken to complete the sale promptly and effectively

to the end that the seller would receive the purchase price and the buyer obtain title to the property. And we see no reason why the purchaser could not agree to pay the attorney for his services in accomplishing this result. It was vital from the purchaser's viewpoint that the landlord consent to the assignment of the lease, but the seller could not and did not guarantee that such consent would be obtained. An agreement by the purchaser to pay the attorney for his services in obtaining consent to the assignment of the lease and closing the transaction was neither illegal nor illogical.

■ The purchaser was fully aware that the attorney represented the estate, and he makes no showing that the attorney acted in bad faith or that the dual representation was prejudicial to his interest. While conflicting interests may not be represented by one attorney, "in the absence of litigation or contemplated litigation, the general rule prohibiting the representation of clients with conflicting interests by a single attorney has never been so broadly stated as to preclude an attorney from ever accepting employment from two different persons merely because of a possibility of a conflict of interest." Lessing v. Gibbons, 6 Cal.App.2d 598, 45 P.2d 258, 261.[3]

■■ Appellant also claims error in the denial of a motion for new trial based upon newly discovered evidence. The granting or denial of such a motion is within the discretion of the trial court and the record does not disclose abuse of such discretion.

■ Finally, appellant contends that the amount allowed plaintiff was excessive because while the full amount claimed was allowed, some of the services itemized by plaintiff were disallowed by the court as having been performed solely for the estate. The record on this point is not clear, but it does appear that the trial court found that plaintiff rendered certain services for defendant exclusive of those services per-

2. Fraser v. Crounse, D.C.Mun.App., 45 A. 2d 757; Fraser v. Crounse, D.C.Mun. App., 56 A.2d 54.

3. See also McClendon v. Eubanks, 249 Ala. 170, 30 So.2d 261, 269; Taylor v. Vail, 80 Vt. 152, 66 A. 820.

formed as counsel for the administrator of the estate and that such services were worth the sum allowed. This is sufficient to sustain the judgment.

Affirmed.