## CRAIG v. ACACIA MUT. LIFE INS. CO. et al.

### No. 1185.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 25, 1952.

Decided April 14, 1952.

Paul M. Craig, Jr., pro se.

Thomas S. Jackson, Washington, D. C., with whom Louis M. Denit, P. Baxter Davis, and Martin R. Fain, all of Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

From an adverse judgment denying appellant recovery for monies allegedly released without his consent and in violation of a fiduciary relationship, appellant prosecutes this appeal.

In June 1947 appellant entered into a contract to purchase a $12,150 house then under construction in a partially completed subdivision in Prince George's County, Maryland. He sought to finance this transaction through the mortgage loan department of the appellee insurance company. In agreeing to make a loan of $11,100 the insurance company set forth the following condition:

"Approval of the loan is subject to completion of the house and grounds and surfacing of street and acceptance of it for permanent maintenance by Prince George County. No funds will be advanced by us until the improvements are fully completed." Upon completion of the house but prior to the construction of the road and grading of the ground appellant sought possession. In order to accommodate him, appellee insurance company agreed to advance $10,600 of the proposed loan of $11,100, withholding $500 pending the construction of the road, grading, etc.

Thereafter appellee insurance company requested the title company to close the proposed loan. The letter contained the clause "check for $10,600.00, the amount of the loan less $500.00 withheld pending completion of the street, of grading * *", etc. The title company completed the settlement and title was conveyed to appellant. The settlement sheet showed the total cost of the property to be $12,150; that appellant made a deposit of $500 and executed a first deed of trust to appellee insurance company for $11,100; as well as the other items necessary to effect settlement.

Shortly after appellant took possession, the seller construction company surfaced the road. Upon its completion, it notified the appellee insurance company and requested payment of the $500 which was being withheld. After making two inspections of the property to determine if the utilities had been connected, the ground graded and seeded, and the road constructed, the appellee insurance company wrote the title company, enclosing its check for $500, informing them that the work had been completed and that the proceeds of the check were to be disbursed as indicated at the time of settlement.

The first notice that appellant had of this release was when he received a copy of appellee's letter to the title company directing disbursement of the $500. Thereupon appellant communicated with the appellee insurance company to protest the release of the $500, contending that the work had not been completed. Appellee maintained that the work had been completed to its satisfaction and that there was no longer any reason for withholding the funds.

It was for this $500 that appellant brought suit contending that appellee insurance company wrongfully and without his consent released the money when in fact the grounds had not been completed nor the road constructed and accepted by Prince George's County for permanent maintenance. The appellant also alleged that he had been damaged by a subsequent assessment levied by the county for the purpose of completing this road.

In a memorandum opinion the trial judge found that the conditions upon which the loan was approved were for the benefit of the appellee, and it could therefore waive any of these conditions; that the appellant accepted the loan with the conditions attached and also agreed to the withholding of the $500; that there was no agreement that the $500 would not be released without appellant's consent, nor was there any agreement between these parties requiring the street to be constructed in such manner as to be accepted by Prince George's County for permanent maintenance. In a further finding the trial court held that there was a legal impossibility existing which prevented the appellee insurance company from fulfilling this condition, the legal impossibility being that there was no law in existence at the time whereby this road could be taken over and maintained by the county. Consequently the court ruled that the condition imposed no duty of performance.

It is appellant's contention that the court erred in these findings and in failing to make certain other findings in favor of appellant.

■ In the present case the original contract was the acceptance by appellant of appellee's letter of commitment which stated the amount of money that would be loaned and the conditions under which such a loan would be made.

■ Subsequently, appellant contacted a Mr. Boteler of the appellee insurance company and requested permission to move into the house even though all the condi-

186

tions as set forth in the letter of committal had not been completed. A day or two later he was informed by Mr. Boteler that appellee would agree to his occupancy provided $500 of the original loan of $11,100 would be withheld "pending completion to our satisfaction of the seeding and sodding and a street to meet with our acceptance." Appellant agreed to this arrangement and went through with the settlement, thereby obtaining possession prior to the full completion of the work.

We are, therefore, concerned only with the secondary agreement by which the parties modified their original contract. The consideration for this subsequent agreement was the gaining of early possession by appellant and the advancing of $10,600 by the insurance company prior to the time it was required to do so under the original contract. This subsequent agreement altered the existing contract to the extent that appellee would advance only $10,600 of the loan and would withhold $500 until a condition was met. This condition was the final completion of the property *to its satisfaction*. By the acceptance of this modification the parties thereby agreed to forego a part of their prior arrangements with regard to the payment of this money, i. e., "approval of the loan is subject to completion of the house and grounds and surfacing of street and acceptance of it for permanent maintenance by Prince George County. No funds will be advanced by us until the improvements are fully completed." Here, the insurance company had agreed under the original contract to make the loan only when all improvements were fully completed. However, the parties entered into the subsequent agreement when appellant expressed his wish to move into the house prior to its full completion and requested the appellee to close the loan.

It is clear from the record that the parties agreed that the appellee would advance $10,600 and would withhold $500 pending completion of the property to its satisfaction. We hold that the trial court was correct in ruling that this condition was imposed for the sole benefit of the appellee to adequately secure its loan. Hence we think that appellant had no claim against the appellee who exercised its judgment in a matter relating to a condition imposed for its protection.

Appellant also claims error in the denial of a motion for new trial based upon newly-discovered evidence. The granting or denial of such a motion is for the discretion of the trial court and the record does not disclose an abuse of such discretion. Kreis v. Block, D.C.Mun.App., 75 A.2d 523.

The appellant has challenged other findings of the trial court, but we are satisfied on the grounds stated in this opinion that the court's decision was correct and must be

Affirmed.