## CHONG MOE DAN v. MARYLAND CASUALTY CO. OF BALTIMORE, Inc.

### No. 1273.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 17, 1952.

Decided Dec. 19, 1952.

Rehearing Denied Jan. 5, 1953.

David Carliner, Washington, D. C., for appellant.

J. Harry Welch, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was a suit on a contract. The complaint alleged that plaintiff, appellant here, deposited $1,000 with defendant, a surety company, as collateral for the execution of a bond by defendant with the United States Government, in the matter of the deportation of Li Ah Long, defendant agreeing to return the collateral when the terms of the bond had been complied with. Plaintiff further alleged that as a result of defendant's negligence in failing to give proper notification of the date of deportation of Li Ah Long the Government declared the bond breached and the security forfeited, and defendant breached its agreement with plaintiff by failing to return plaintiff's collateral. In its answer defendant stated that it had no contract or agreement with the plaintiff.

Trial was without a jury. The following facts were developed: In the fall of 1947 six aliens were taken into custody by the Immigration and Naturalization Service of the Department of Justice to be deported for illegal entry into this country. Plaintiff engaged an attorney to represent these aliens in the deportation proceedings and to arrange for their release on bond.

Plaintiff posted collateral with defendant to obtain surety bonds for the three he desired released, one of them being Li Ah Long, while L. S. Ling made similar arrangements for the other three. In arranging for these release bonds the attorney telephoned the local agent of the defendant bonding company and requested him to

write the bonds to secure the release of six aliens, giving only the names of the aliens sought to be released. Nothing was said as to the identity of the persons posting the collateral, nor did the agent request such information. The bonds were written and the aliens released.

Some time later the agent of the bonding company mailed six blank collateral agreements to the attorney, to be executed by the persons posting the collateral. In filling out these various agreements the attorney had L. S. Ling sign the collateral agreement of one Li Ah Long. It is this agreement that is the subject matter of this suit. All the collateral agreements were then returned to the defendant's local agent, who in turn sent them to defendant. In December 1948 a formal demand was made by the Immigration and Naturalization Service on defendant to surrender Li Ah Long. The alien was not surrendered as directed, defendant reporting to the Immigration and Naturalization Service that Li Ah Long could not be located. On January 25, 1949, the Government ordered that the outstanding delivery bond be declared breached, as failure to surrender the alien was a violation of one of the conditions of the bond, and that appropriate steps be taken looking to the collection of the penalty thereunder.

The record indicates that defendant surety company, upon receiving the formal demand for surrender of Li Ah Long on December 8, 1948, made a telephone call to the attorney who had requested the bond be written. The attorney not being in his office at the time, defendant's agent left no message other than his own name and telephone number. When the attorney returned to his office that day he called the number left by defendant's agent, but could not reach him. This, it appears, was the extent to which defendant surety company attempted to locate the alien Li Ah Long. The bond was therefore declared forfeited by the Government and paid by the surety company.

Defendant claimed that it had no agreement with plaintiff regarding Li Ah Long, and in support of this position introduced the original collateral agreement for Li Ah Long which was signed by L. S. Ling and in which L. S. Ling was named as the pledgor. This document was identified by the attorney mentioned above who had witnessed L. S. Ling's signature and who had prepared this agreement when he received it from defendant's agent. In addition to the collateral agreement defendant also introduced a letter from this attorney which states in part:

"Receipt is hereby acknowledged of your letter of June 24, 1949, advising that you had delivered your check to the Baltimore office of the Bureau of Immigration in the sum of $1,000 covering your liability under the alien bond written by your company on Liah Long (Lirah Long) and that you had deducted a like amount from the collateral posted with you by L. S. Ling."

Plaintiff's position was that regardless of who signed the collateral agreement he was the one who posted the $1,000 collateral for the release of Li Ah Long and that the collateral would not have been forfeited had the surety company acted with due diligence. Upon this evidence the court found for defendant surety company.

A motion for a new trial on the ground of newly-discovered evidence was filed, in which the plaintiff sought to show that L. S. Ling would testify that he did not intend to sign a collateral agreement for Li Ah Long nor did he intend to put up collateral for him. After hearing the court denied the motion and entered judgment for defendant. It is from the denial of this motion, as well as the court's finding for defendant, that plaintiff now prosecutes this appeal.

■ The plaintiff went to trial without apparently ever having seen the contract upon which he was bringing suit. It is true that plaintiff did serve notice upon defendant to produce *at the trial* the original of the delivery bond together with all agreements and papers relating to the alien, Li Ah Long. However, he made no effort to avail himself of the methods of discovery provided in the rules of the Municipal Court, which would have permitted him to inspect the contract in question prior to trial. Having failed to avail himself of this

procedure, he can not now be heard to say he was taken by surprise by the introduction of the contract signed by L. S. Ling. Nor was he precluded at any stage of the trial (after he had seen the collateral agreement signed by Ling) from seeking a continuance or an opportunity to call Ling as a witness. For these reasons alone it appears that the trial court did not abuse its discretion in denying a new trial. Craig v. Acacia Mutual Life Ins. Co., D.C.Mun. App., 88 A.2d 184.

As to appellant's other contention, that the court erred in finding for defendant, the record amply supports the findings and judgment of the court below. It was agreed by both plaintiff and defendant that the contract in question was the collateral agreement entered into in support of the bond posted by defendant with the United States Government for the release of Li Ah Long. Plaintiff claims that since he actually put up the $1,000 collateral he is therefore the other party to this contract. However, the contract was in evidence and there was testimony establishing that it was in fact executed by L .S. Ling and not the plaintiff.

The general rule in this jurisdiction is that a contract may not be enforced by one who is not a party to it or in privity with it. Marranzano v. Riggs Nat. Bank of Washington, D. C., 87 U.S.App.D.C. 195, 184 F.2d 349. Even if it be conceded that the plaintiff had an indirect interest in the performance of this undertaking, that is a very different thing from the privity necessary to enable him to enforce this contract by suit in his own name. Hall v. Gardiner, 75 U.S.App.D.C. 226, 126 F.2d 227; National Bank v. Grand Lodge, 98 U.S. 123, 124, 25 L.Ed. 75. The parties to a contract are the ones to complain of a breach, and if they are satisfied with the disposition which has been made of it, and of all claims under it, a third party has no right to insist that it has been broken. Williams v. Eggleston, 170 U.S. 304, 309, 18 S.Ct. 617, 42 L.Ed. 1047. The plaintiff has shown no standing under this contract and is consequently not entitled to recover under it.

In his brief appellant also contends that he has a right to recover against defendant by reason of Code 1951, § 28–2406, which provides a cause of action for those aggrieved by the breach of a bond given to the United States to secure the performance of a duty. Without going into the merits of this contention, it is sufficient to note that this statute was not the basis of the suit below nor was it brought to the court's attention.[1] Defendant's suit was in contract, and it must remain so for purposes of appeal.

Affirmed.

1. Brooks v. Jensen, D.C.Mun.App., 73 A.2d 32; Germaine v. Cramer, D.C.Mun.App., 65 A.2d 573.